**Robert D. GRAY, Petitioner–Appellant,**

v.

**PEABODY COAL CO., Old Republic Insurance Cos., and Director, Office of Workers' Compensation Programs, Respondents–Appellees.**

**No. 01–3083.**

United States Court of Appeals, Sixth Circuit.

April 19, 2002.

Before DAUGHTREY and MOORE, Circuit Judges; ECONOMUS,* District

* The Honorable Peter C. Economus, United States District Judge for the Northern District of Ohio, sitting by designation.

Judge.

## OPINION

KAREN NELSON MOORE, Circuit Judge.

The Benefits Review Board ("the Board") affirmed the decision of the administrative law judge ("ALJ") denying petitioner Robert Gray's claim for federal black lung benefits. Proceeding *pro se,* Gray appeals. Because the ALJ in the present case erred in weighing the medical opinion evidence, we GRANT the petition for review and REMAND for further proceedings consistent with this opinion.

## I.

Gray worked in qualifying employment for a total of twenty-six years. He was last employed as a mechanic in a surface-mining operation in Kentucky, retiring from that position in 1989. In that year, Gray applied for black lung benefits, but his claim was denied by the Office of Workers' Compensation Programs ("OWCP") upon a finding that Gray did not suffer from pneumoconiosis and was not totally disabled. Gray did not appeal the OWCP's denial of his claim at that time.

Gray filed a new claim for black lung benefits in 1997, claiming that his condition had worsened since his original claim was denied. The OWCP granted benefits on March 13, 1998, and affirmed this decision on July 9, 1998. The responsible employer, Peabody Coal Co. ("Peabody"), then requested a formal hearing before an ALJ. After examining the medical evidence, the ALJ concluded that Gray could bring this duplicate claim because there had been a material change in Gray's condition since the OWCP denied his 1989 claim. Specifically, the ALJ concluded that, based on the weight of the pulmonary function study

evidence, Gray was totally disabled. *See* 20 C.F.R. § 718.204(b)(2). The ALJ also concluded, however, that Gray had not established the presence of pneumoconiosis and thus he was not eligible for black lung benefits.

In reaching this conclusion, the ALJ first considered a number of conflicting x-ray reports. Although ten of the eighteen relevant x-ray reports submitted by the parties were positive for pneumoconiosis as opposed to only eight negative reports, the ALJ noted that six of the reports performed by the most highly qualified readers—those readers who were both board-certified radiologists and B-readers—were negative for pneumoconiosis as opposed to only three positive reports by such readers. On this evidence, the ALJ concluded that Gray had failed to establish the presence of pneumoconiosis through x-ray evidence. *See id.* § 718.202(a)(1).

The ALJ next considered the medical opinions submitted by the parties. The ALJ noted that Dr. Simpao, Gray's treating physician, and another physician had diagnosed Gray as suffering from pneumoconiosis, but that pulmonary specialists in the employ of Peabody had reached the contrary conclusion. The ALJ decided to give the most weight to the opinions of Drs. Branscomb and Fino, two expert pulmonologists employed by Peabody, and thus concluded that Gray had failed to establish pneumoconiosis through reasoned medical opinions. *See id.* § 718.202(a)(4). The ALJ concluded:

> The opinions of Drs. Branscomb and Fino are entitled to the most weight since both of these physicians hold board certifications in specialties relevant to the matter at hand. I found the opinions of Drs. Simpao, O'Bryan, and Selby to be well documented and well reasoned, but there is no reason to give them any additional weight.... Since I

find no reason to credit the opinions which support a finding of pneumoconiosis over those that do not support this finding, Claimant has failed to establish the presence of pneumoconiosis . . . .

ALJ Op. at 11. The physicians concluding that Gray did not suffer from pneumoconiosis attributed his condition to his smoking history; the record established that Gray smoked at least a pack of cigarettes a day for a period of at least forty years. Despite finding that Gray was totally disabled, the ALJ thus held that Gray had failed to establish the existence of pneumoconiosis and hence his eligibility for black lung benefits.

Gray appealed to the Board, which affirmed the ALJ's decision. The Board first concluded that the ALJ properly gave greater weight to the x-ray readings of the more qualified physicians, i.e., the B-readers and board-certified radiologists, and observed that there were no positive x-ray readings by physicians who had both of these credentials. The Board next concluded that the ALJ properly credited the medical opinions of Drs. Branscomb and Fino, based on their superior qualifications, over those of the other physicians because of the former's superior credentials. Although Drs. Branscomb and Fino did not review all of the x-ray reports in the record in determining that Gray does not suffer from pneumoconiosis, the Board noted that Drs. Branscomb and Fino reviewed a number of x-ray reports, on which they based their opinions, and that their opinions were similar to those of Drs. O'Bryan and Selby, physicians who actually examined Gray. Based on these conclusions, the Board held that the ALJ's denial of benefits was supported by substantial evidence and thus affirmed the ALJ's decision.

The Board rejected Gray's argument that Dr. Simpao's opinion was entitled to greater weight because he was Gray's treating physician. In making this argument, Gray relied on this court's opinion in *Tussey v. Island Creek Coal Co.*, 982 F.2d 1036 (6th Cir.1993). The Board held that the ALJ had a proper basis for giving more weight to the opinions of Drs. Branscomb and Fino than those of Dr. Simpao, and thus that the ALJ had not erred in reaching its conclusion. The Board also rejected Gray's arguments (1) that the opinions of Drs. Branscomb and Fino should have been given less weight because they never actually examined him and (2) that Drs. Branscomb and Fino acted as "hired judges" for Peabody.

Gray made a motion to reconsider, which the Board denied on December 20, 2000. This appeal followed.

## II.

Our review of the Board's decisions is very narrow. We will affirm its decisions unless the Board committed legal errors in reaching them or exceeded the scope of its own powers to review the decisions of the ALJ. *See Peabody Coal Co. v. Groves*, 277 F.3d 829, 833 (6th Cir.2002). "The ALJ's findings are conclusive if they are supported by substantial evidence and are in accordance with the applicable law." *Id.*

Having reviewed the record, we conclude that the ALJ in the present case erred in weighing the medical opinion evidence. We held in *Tussey* "that opinions of treating physicians are entitled to greater weight than those of non-treating physicians." *Tussey*, 982 F.2d at 1042. In *Groves*, we recently followed *Tussey* in affirming the award of benefits where the ALJ had determined that the treating physician's medical opinion was more credible

than those of non-treating physicians.[1] *See Groves,* 277 F.3d at 834–35. In reaching this conclusion, we noted that *Tussey* does not mean "that treating physicians should automatically be presumed to be correct." *Id.* at 834. Instead, *Groves* held that "*Tussey* requires ALJs in black lung cases to examine the medical opinions of treating physicians on their merits and to make a reasoned judgment about their credibility." *Id.* at 834. In short, our precedents establish that the medical opinions of treating physicians must be accorded additional weight where the ALJ finds them to be well reasoned and credible on the merits.

Thus, an ALJ may discount a treating physician's opinion where that opinion is not well reasoned or well documented, or is problematic in some other way. *See, e.g., Griffith v. Dir., Office of Workers' Comp. Progs.,* 49 F.3d 184, 186–87 (6th Cir.1995) (holding that the ALJ did not err in discrediting treating physician's opinion where that opinion was equivocal as to the existence of pneumoconiosis). But where the ALJ determines, as in the present case, that a treating physician's opinion is credible, the ALJ must give more weight to the treating physician's opinion than to those of non-treating physicians.

In the present case, however, the ALJ determined that "there is no reason to give [Dr. Simpao's opinion] any additional weight," despite his conclusion that Dr. Simpao's opinion was "well documented and well reasoned." It was error, under these circumstances, not to give additional weight to the opinion of Dr. Simpao, based on his status as treating physician. In affirming the ALJ's decision, the Board concluded that the ALJ provided a reasonable explanation for his decision to credit the opinions of Peabody's experts over Dr.

Simpao's, namely the superior qualifications of the experts. It is true that the superior qualifications of experts should be taken into account and that, in many cases, these qualifications will justify giving these experts' opinions additional weight. But in the present case, the Board failed to consider that the ALJ did not provide reasons for failing to give the treating physician's opinion additional weight. Where the ALJ determines that the treating physician's opinion is well reasoned and well documented, the ALJ must give more weight to that opinion than to those of other physicians, even where those other physicians have superior qualifications.

On remand, the ALJ must reweigh the evidence after giving the opinion of Dr. Simpao additional weight based on his status as Gray's treating physician. In addition, the ALJ must reconsider the weight initially given to the opinions of Drs. Branscomb and Fino. Neither Dr. Branscomb nor Dr. Fino reviewed all of the relevant x-ray reports, and it appears to us that neither expert considered the three positive x-ray reports by Dr. Brandon, a B-reader and board-certified radiologist. The ALJ may determine that, despite these physicians' superior qualifications, their opinions should be discounted where those opinions are based on an incomplete record that omits apparently credible x-ray reports favoring the claimant.

Because we grant the petition on this basis, we do not reach the other issues Gray raises on appeal.

### III.

For the foregoing reasons, we GRANT the petition for review and REMAND for

---

1. Coincidentally, the ALJ in *Groves* had decided to discount the opinions of Drs. Branscomb and Fino, the same experts involved in the ALJ's decision in the present case.